## In re Newkirk

*L. B. Schofield*, for petitioner.

LAMBERTON, J., December 12, 1936.—Market Street National Bank of Philadelphia and Charles L. Downing, guardians in the above matter, have filed their petition, in which they aver that their ward, Annie J. Newkirk, is now confined in the Norristown State Hospital; that among the assets of the ward's estate is a savings fund account in the Beneficial Saving Fund Society of Philadelphia under the name of "Annie J. Newkirk, in trust for her husband Richard Louis", in which there is a credit balance of $14,152.53; that the bank book issued in connection with said account was at all times in possession of the ward; that the ward's estate consists of approximately $6,700 in cash, building and loan stock having an approximate value of $800, and a parcel of real estate

which is mortgaged to its full value; that petitioners are in doubt as to their authority to use said fund on deposit with the Beneficial Saving Fund Society, or the income therefrom, for the maintenance and support of the ward, and are also in doubt as to whether it is their duty to withdraw said savings fund deposit and invest the same in legal investments.

Petitioners pray that they be instructed in regard to the following matters:

"1. To what extent may your petitioners use the principal of said savings account and the income therefrom for the support and maintenance of the ward;

"2. Must your petitioners first apply the principal and income of the property mentioned in paragraph 6 hereof to the support and maintenance of the ward before applying any part of the principal or income of the said savings account to that purpose;

"3. Is it the duty of your petitioners to withdraw said savings account and invest the fund in investments legal for trust funds;

"4. Should the petitioners allow the said fund to remain on deposit at interest in the Beneficial Saving Fund Society."

The petition in this matter is filed under the Act of July 2, 1935, P. L. 540. As we read this act, it confers no authority upon us other than to make an order directing the investment of monies in the hands of the guardians. On the basis of the facts before us it would appear that the fund in question is not part of the estate of Annie J. Newkirk, but is a fund for which Annie J. Newkirk is trustee. The appointment of petitioners as guardians of Annie J. Newkirk does not vest in them any rights, duties or liabilities in regard to such fund. Petitioners, therefore, have no power, except by agreement of the cestui que trust, to use either principal or interest for the support of their ward, or to change the investment thereof. If the cestui que trust is dissatisfied with the present status, he may by proper proceedings secure the appointment of a sub-

stituted trustee, who may in turn change the investment. If no such action is taken by the cestui que trust, the matter will remain in status quo, with interest accumulating, until the death or recovery of Annie J. Newkirk.